Timothy A. Scott (SBN 215074)
tscott@mckenziescott.com
Michele C. Angeles (SBN 298883)
mangeles@mckenziescott.com
MCKENZIE SCOTT PC
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone: (619) 794-0451
Facsimile: (619) 652-9964

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ESTATE OF KURT WEISS, BY AND THROUGH HIS SUCCESSOR-IN-INTEREST MATT WEISS, INDIVIDUALLY AND IN HIS CAPACITY AS SUCCESSOR-IN-INTEREST,<br><br>Plaintiff,<br><br>V.<br><br>COUNTY OF RIVERSIDE; DEPUTY ENGLES (#4187), IN HIS INDIVIDUAL CAPACITY; SHERIFF CHAD BIANCO, IN HIS INDIVIDUAL CAPACITY.<br><br>Defendants. | Case No.: _____<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **42 U.S.C. § 1983: State-created Danger.**<br>2. **42 U.S.C. § 1983: State-created Danger (*Monell*, Failure to Train).**<br>3. **42 U.S.C. § 1983: State-created Danger (*Monell*, Ratification.)**<br><br>**DEMAND FOR JURY TRIAL.** |

# INTRODUCTION

1. Kurt Weiss died alone in his own home on April 11, 2022.

2. He had called 9-1-1 four different times that morning.

3. After the 9-1-1 calls, Mr. Weiss shot himself with a .40 caliber semi-automatic handgun.

4. He shot himself in the abdomen.

5. He died while Riverside County sheriff deputies stood outside, intentionally preventing others from entering to render aid.

6. Kurt's family had hidden the handgun, so that he wouldn't hurt himself with it.

7. It was hidden so well that Kurt couldn't find it, even when he looked.

8. Kurt found the gun after Riverside County Sheriff's Deputy Engels (#4187) told him where it was.

9. Deputy Engels left this information in a voicemail.

10. Deputy Engels left the voicemail knowing that Kurt's family had hidden the gun to protect him.

11. Kurt Weiss left family behind, and Riverside County refuses to provide them with any information about this incident, despite three written requests under the Public Records Act.

12. This lawsuit is the result:

| **Claim** | **Statutory Authority / Constitutional Right / 9th Cir. Model Jury Instr.** | **Defendant(s)** |
|---|---|---|
| I. | 42 U.S.C. § 1983 / 14th Amendment, State-Created Danger / 9.33B ("State-Created Danger.") | Deputy Engels |
| II. | 42 U.S.C. § 1983 / 14th Amendment, State-Created | County of Riverside |

|  |  |  |
|---|---|---|
|  | Danger / 9.8 ("Policy of Failure to Train.") |  |
| III. | 42 U.S.C. § 1983 / 14th Amendment, State-Created Danger / 9.7 ("Ratification.") | County of Riverside<br>Chad Bianco |

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts causes of action for constitutional violations arising under 42 U.S.C. § 1983.

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise out of events and omissions occurring in the County of Riverside, which is situated in the Central District of California.

## PARTIES

15. Plaintiff Estate of Kurt Weiss appears by and through his surviving brother, Matt Weiss.

16. Matt Weiss resided in Rancho Mission Viejo, California at all times relevant here; Kurt Weiss lived in Temecula, California when he died.

17. Plaintiff sues on behalf of the Estate as successor-in-interest to prosecute all claims surviving Kurt's death. *See, e.g.,* Cal. Civ. Code § 377.30.

18. Defendant County of Riverside (hereinafter "County") is a governmental entity organized and existing under the laws of the State of California.

19. Defendant Chad Bianco is the Sheriff for the County of Riverside, the highest position at the Sheriff's Department.

20. He was the Sheriff when Kurt Weiss died.

21. In his capacity as Sheriff, Chad Bianco was a final policymaker for the Sheriff's Department and for the County on matters relating to the Sheriff's Department and its deputies, employees, and agents. He was also responsible for

the County's compliance with state and federal laws and Constitutions, and for the training and supervision of County employees and agents.

22. On information and belief, Chad Bianco resides within the Central District of California.

23. Defendant Engels was at all relevant times a Deputy Sheriff for the County of Riverside.

24. Defendant Engel's relevant acts and omissions were all taken in his official capacity as a Riverside Deputy, and under color of state law.

25. On information and belief, Defendant Engels resides within the Central District of California.

## FACTUAL ALLEGATIONS

26. A large man, Mr. Weiss was described as a "giant child" by his loved ones.

27. He cared for others professionally, as a licensed nurse.

28. He had been grieving the death of his mother, who passed on March 12, 2022.

29. Kurt Weiss's mother's funeral was on April 5, 2022.

30. Kurt Weiss suffered from mental-health and emotional problems, including severe depression, both before and after his mother's death.

31. Kurt Weiss suffered from alcohol and substance-abuse problems, both before and after his mother's death.

32. Kurt Weiss co-habited and co-parented with a woman named Sara Jackson.

33. They lived together at 33454 Twin Hills Way, Temecula, California.

34. Their relationship had been deteriorating for some time.

35. Kurt Weiss's emotional and mental-health issues, and related substance-abuse issues, had also been getting worse.

36. On April 10, 2022, Sara left the house.

37. She took the rest of the family with her.

38. Sara and Kurt had been going through an especially difficult period.

39. Mr. Weiss had been drinking particularly heavily that weekend.

40. While leaving Kurt alone, Sara Jackson knew that there was a .40 semi-automatic handgun in the house.

41. She did not want to leave Mr. Weiss alone with a handgun.

42. Ms. Jackson purposefully hid the firearm in the attic where Kurt could not find it.

43. She hid the gun to prevent Kurt from hurting himself.

44. Kurt Weiss continued to decompensate mentally and emotionally.

45. He called 9-1-1 four different times the morning of April 11, 2022.

46. He continued to drink heavily.

47. Riverside County deputies, including Deputy Engels, had contact with Kurt Weiss at his home the night of April 10, 2022.

48. Deputy Engels personally made contact with Kurt Weiss at his home the night of April 10, 2022.

49. Riverside County deputies, including Deputy Engels, knew on April 10, 2022 that Mr. Weiss had been suffering from depression.

50. Riverside County sheriff's deputies, including Deputy Engels, knew that Mr. Weiss was using alcohol heavily.

51. Riverside County deputies, including Deputy Engels, knew that Sara Jackson had hidden the gun from Mr. Weiss.

52. Riverside County deputies, including Deputy Engels, knew that Sara Jackson was concerned that Mr. Weiss might hurt himself.

53. Sara Jackson told Deputy Engels where to find the gun.

54. Ms. Jackson did so for officer safety and to remove the gun as a threat, not because she wanted to disclose that information to Mr. Weiss.

55. Kurt Weiss called 9-1-1 at approximately 12:24 a.m. on April 11, 2022.

56. Kurt Weiss called 9-1-1 at approximately 1:29 a.m. on April 11, 2022.

57. Kurt Weiss called 9-1-1 at approximately 1:42 a.m. on April 11, 2022.

58. Kurt Weiss called 9-1-1 at approximately 2:43 a.m. on April 11, 2022.

59. Deputy Engels knew that Kurt Weiss had called 9-1-1 on April 11, 2022.

60. Deputy Engels made a decision to tell Kurt Weiss where the gun had been hidden.

61. Deputy Engels called Kurt Weiss to tell him where the gun was hidden.

62. Mr. Weiss did not answer that call.

63. Deputy Engels chose to leave a voicemail for Mr. Weiss.

64. Deputy Engels disclosed where the gun was hidden on that voicemail.

65. Kurt Weiss retrieved the voicemail message.

66. Kurt Weiss found the gun where Deputy Engels said it would be.

67. Kurt Weiss turned all of the pictures of his family around or laid them down so that they were not facing him.

68. Eventually, Kurt Weiss shot himself in the stomach.

69. By then, Sara Jackson and her daughter had returned to the home; they were at its threshold when the gunshot rang out.

70. But Deputy Engels and other Riverside deputies prevented Jackson, or anyone else, from entering the home.

71. No Riverside County Deputy, including Engels, rendered timely medical aid after the gunshot.

72. Riverside deputies, including Engles, deliberately prevented Jackson, medical personnel, and others, from rendering timely aid.

73. Kurt Weiss died as a result of a gunshot wound to the abdomen. *See* Exhibit A.

74. Kurt Weiss's family sought to learn the truth about his death.

75. Kurt Weiss's family includes a sister who is a Deputy District Attorney for the County of Riverside.

76. The family requested all public records of the incident on August 27, 2022.

77. The family told Riverside County that they were "informed by law enforcement that there were multiple incident numbers / case numbers created over a 24-hour period" relating to Kurt Weiss's death.

78. The family specifically requested public records related to case numbers TE221000111, TE221000130, TER2211010062.

79. The family enclosed a copy of Mr. Weiss's death certificate with the request.

80. The family sent a second PRA request on the same day, repeating the case numbers provided.

81. The second PRA request also included Kurt Weiss's phone bill, showing four different calls between Kurt Weiss and 9-1-1 on April 11, 2022.

82. Riverside Sheriff Chad Bianco personally received a copy of the PRA requests shortly after they were made.

83. Riverside Sheriff Chad Bianco was specifically notified that Kurt Weiss was the brother of a deputy district attorney in Riverside County.

84. Sheriff Bianco's subordinates personally apprised him of Kurt Weiss's death, and updated him about the subsequent investigation, including the family's Public Records Act Requests.

85. On September 8, 2022, Riverside County told Kurt Weiss's family in writing that it was working on the records requests.

86. On November 2, 2022, Riverside County told the family that "a thorough search of our files, carried out under my direction and control revealed no calls for the time periods requested (12:24am/1:29am/1:42am/2:43am)."

87. That representation was in writing, dated November 2, 2022.

88. That representation was misleading, untrue, and was made in bad faith.

89. On February 10, 2023, Riverside County issued a blanket denial of all outstanding PRA requests, citing a litany of evidentiary and constitutional protections.

90. Kurt Weiss's death, and this lawsuit, involve the state-created-danger doctrine. The Ninth Circuit has recognized this legal doctrine for decades. *See Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1062 (9th Cir. 2006) ("[t]his circuit first recognized such 'danger creation' liability in *Wood v. Ostrander*, 879 F.2d 583 (9th Cir.1989))."

91. Specifically, it has long been clear that law-enforcement officers can violate a citizen's constitutional rights under Section 1983 and the Fourteenth Amendment "where they affirmatively place an individual in danger," by acting with "deliberate indifference to a known or obvious danger in subjecting the plaintiff to it." *See, e.g., Wood*, 879 F.2d at 590 (holding that an officer violated a female passenger's constitutional rights under the state-created-danger doctrine by leaving her alone on a dark highway where she was sexually assaulted). *See also L.W. v. Grubbs*, 974 F.2d 119 (9th Cir.1992) (holding state employees could be liable for the rape of a registered nurse assigned to work alone in the medical clinic of a medium-security custodial institution with a known, violent sex-offender); *Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir.1997) (holding as viable a state-created danger claim against police officers who, after finding a man in grave need of medical care, cancelled a request for paramedics and locked him inside his house); *Munger v. City of Glasgow*, 227 F.3d 1082 (9th Cir.2000) (holding police officers could be held liable for the hypothermia death of a visibly drunk patron after ejecting him from a bar on a bitterly cold night).

92. Since the early 2000's at the latest, modern police departments have instructed its officers on the concepts of state-created danger, and an officer's constitutionally-based duties to prevent harm to the public, as described in the case law above.

93. On information and belief, the County of Riverside has not provided its deputies any training on any of the cases or authorities described above particularly, or on the concept of state-created danger generally.

94. On information and belief, Deputy Engels was not subjected to any disciplinary action for this incident.

95. On information and belief, Deputy Engels was never asked to receive supplemental training of any kind as a result this incident.

96. On information and belief, no Riverside County employee ever received any discipline of any kind as a result of this incident.

97. On information and belief, no Riverside County employee ever received any remedial or supplemental training of any kind as a result this incident.

98. Riverside County could have used this tragic incident as an opportunity—through visible discipline and updated training—to make the community safer in the future.

99. That might have provided some meaning to Kurt Weiss's death and some solace to his family.

100. Riverside County refused to do so.

101. To this day, Riverside County has refused to provide any meaningful information aside from a redacted Coroner's report, attached as Exhibit B.

102. This lawsuit follows.

## I.

## FIRST CAUSE OF ACTION

## 42 U.S.C. § 1983: Fourteenth Amendment State-Created Danger

## (vs. Deputy Engels, Individually.)

103. Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

104. Defendant acted as a Deputy Sheriff, under color of state law.

105. Defendant committed affirmative acts, including providing Kurt Weiss with access to a firearm, and then barring entrance to the residence after Kurt Weiss was shot but still alive.

/ / /

106. Defendant acted with deliberate indifference to the fact that Kurt Weiss, an emotionally disturbed, mentally unstable, and intoxicated man, might shoot himself if provided access to a weapon.

107. Defendant also acted with deliberate indifference to the fact that Kurt might die if he didn't receive aid for a gunshot wound quickly.

108. Kurt did in fact die as a direct consequence of Deputy Engels's actions.

## II.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983: Fourteenth Amendment State-Created Danger by Failure to Train

### (vs. Riverside County.)

109. Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

110. Riverside County maintains a policy that fails to prevent violations of law by utterly failing to train its officers on how to work with emotionally distraught and intoxicated persons like Kurt Weiss under foreseeable circumstances such as occurred in this case.

111. Deputy Engels acted under color of state law.

112. The training policies of the defendant Riverside County were not adequate to train deputies to handle the usual and recurring situations with which they must deal.

113. Defendant Riverside County was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees, and/or the known or obvious consequences of its failure to train its deputies; and,

114. This failure of the defendant Riverside County to provide adequate training caused the deprivation of the plaintiff's rights by Deputy Engels, that is,

Engels' actions played a substantial part in bringing about or actually causing the injury or damage to the plaintiff.

## III.

## THIRD CAUSE OF ACTION

## 42 U.S.C. § 1983: Fourteenth Amendment State-Created Danger by Ratification

## (vs. Chad Bianco and Riverside County.)

115. Plaintiff alleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

116. Deputy Engels deprived the plaintiff of his right to be free from state-created danger as explained in this complaint.

117. Sheriff Chad Bianco acted under color of state law.

118. Chad Bianco had final policymaking authority from defendant County of Riverside concerning the acts and omissions of Deputy Bianco.

119. Chad Bianco ratified Deputy Engel's actions in that he knew of, and specifically made a deliberate choice to approve of the acts and omissions and the bases for them.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

120. General and compensatory damages according to proof at trial;

121. Civil penalties as provided by law;

122. Punitive and exemplary damages against individual Defendants, where permitted;

123. Costs and attorney fees pursuant to 42 U.S.C. § 1988;

124. Damages, penalties, costs, and fees as allowed by Cal. Civ. Proc. §§ 377.20, 377.60, 1021.5;

125. Any other lawful and available relief and sanction; and,

///

126. Any other relief as the Court may deem proper.

DATE: April 11, 2024          MCKENZIE SCOTT PC

By: *s/ Timothy A. Scott*

TIMOTHY A. SCOTT
tscott@mckenziescott.com
MICHELLE C. ANGELES
mangeles@mckenziescott.com
*Attorneys for Plaintiff*